IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| YOFI, INC. and SENDER SHUB | * |
| Plaintiff | * |
| vs. | *   CIVIL NO. 98-1751 (JP) |
| NORMAN S. PANISH, et al. | * |
| Defendant | * |

**INITIAL SCHEDULING CONFERENCE CALL**

I. **INTRODUCTION**

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, which requires the Court to schedule and plan the course of all litigation to achieve just, speedy, and inexpensive determinations, it is hereby ORDERED that Counsel meet with the Court in chambers located at Suite 1200-A, Banco Bilbao Vizcaya Building, 254 Muñoz Rivera Avenue, Hato Rey, Puerto Rico on **December 8, 1999, at 2:00 p.m.**, for an Initial Scheduling Conference ("ISC"). **The Court urges the parties to read the orders contained in this Call carefully. Failure to comply will result in stiff penalties, including but not limited to the entry of default, the dismissal of one or more claims or defenses, barring of witnesses or evidence, or monetary sanctions.** See, Fed. R. Civ. P. 16 (f).

AO 72A
(Rev.8/82)

CIVIL NO. 98-1751 (JP)                    2

This Call and the Court's entire ISC regime extend from the philosophy of our adversarial judicial system as a method for reaching the truth.  Under our adversarial system, the truth is often a flexible entity.  The lawyers obtain their respective versions of the truth from different sources with different perspectives and different motives.  Nevertheless, our judicial system and this Court in particular believes that the search for the truth must be a common enterprise, and in order to obtain the clearest picture of the truth, the attorneys and the Court must understand the positions of each party and the evidence the parties plan to use in support of those positions.  When the lawyers and the Court fully comprehend each party's position and evidence, each can make a realistic and comprehensive evaluation of the truth.  Only then can the value of each party's position be fairly assessed in terms of litigation costs, jury appeal, potential liability, and collectability of judgment.  The Court considers the ISC to be an extremely important phase of any litigation before it and strongly recommends that lead counsel for each party should attend.

**II. ORDERS**

A.   Parties are hereby **ORDERED** to come to the ISC prepared to:

CIVIL NO. 98-1751 (JP)         3

1) disclose all material facts and bring forth evidence to show such facts;

2) enter into stipulations of fact;

3) inform the Court of the legal contentions of the parties and their theories of the case, with citations to statutes and case law (see <u>Ramírez Pomales v. Becton Dickinson & Co.</u>, 839 F.2d 1, 3-6 (1st Cir. 1988));

4) answer all interrogatories;

5) announce all documentary evidence;

6) announce all witnesses, including experts, along with a description of each witness' propose testimony;

7) <u>schedule dates for taking all depositions</u>;

8) assess any damages claimed;

9) discuss settlement;

10) set a deadline for dispositive motions, amendment of the pleadings, and joinder of parties; and

11) set dates for the Pretrial Conference and Trial.

The parties, especially the Plaintiffs, are warned that they will have a limited capacity to amend the witness and evidence lists they propose at the ISC. The Court strongly suggests that the

AO 72A
(Rev.8/82)

CIVIL NO. 98-1751 (JP)                4

parties investigate all possible evidence and witnesses prior to the ISC.

Moreover, as one of the objectives of the Conference is to simplify the issues and to reach agreements as to uncontroverted facts and accepted principles of law applicable to the case, counsel attending the Conference are expected to be conversant with the facts and the law so that they are able to enter into such agreements. <u>Counsel shall bring with them to the Conference copies of the transcripts of any depositions which have been taken, and interrogatories which have been answered prior to the time of the Conference</u>. Counsel should be thoroughly prepared to answer all interrogatories and questions pertaining the facts of the case so the parties can adduce all the facts and the Court can resolve any objections to interrogatories, prevent a subsequent flood of paper motions, and accomplish early case management effectively and efficiently. The fact that the other party has not answered interrogatories is not an excuse for counsel's inability to answer questions about the facts in the case. In addition, Counsel should be prepared to respond to any other such queries as the Court may deem appropriate to discuss settlement prospects. <u>See</u> Pieras, <u>Judicial Economy and Efficiency Through the Initial Scheduling Conference: The Method</u>, 35 Cath. U. L. Rev. 943 (1986).

CIVIL NO. 98-1751 (JP)                5

Moreover, to facilitate settlement negotiations, the attorneys are **ORDERED** to have their clients available by phone, under penalty of fine. As required by Rule 16(c) of the Federal Rules of Civil Procedure, "[a]t least one of the attorneys for each party participating in any conference before trial shall have authority to enter into stipulations and to make admissions regarding all matters that the participants may reasonably anticipate may be discussed." Failure to participate in good faith, or participating while being substantially unprepared, are noncompliant acts under Rules 16(f) and 41(b) that may result in sanctions, including the payment of reasonable expenses incurred because of the noncompliance or fines levied upon attorneys personally, the dismissal of the complaint, the prohibition of certain witness's testimony and the admission of facts. See <u>Boettcher v. Hartford Insurance Co.</u>, 927 F.2d 23 (1st Cir. 1991); <u>Vakalis v. Shawmut Corp.</u>, 925 F.2d 34, 36 (1st Cir. 1991).

The Court will issue an Initial Scheduling Conference Order following the Conference which will set forth all matters covered during the Conference, including preliminary orders of the Court and a discovery schedule, <u>setting dates for the taking of depositions, deadlines for dispositive motions</u>, amendment of the pleadings, and joinder of parties. The Initial Scheduling

CIVIL NO. 98-1751 (JP)            6

Conference Order will also contain an itemized list of facts as to which no controversy exists. In finding that facts are uncontroverted, the Court will not limit its quest to the list of uncontroverted facts in the ISC memoranda. The Court will also examine the pleadings, documents filed with the Court, as well as the statements of the parties during the ISC, to find factual common ground between the parties. The parties are admonished that the Court will not look favorably upon capricious objections to its findings of no controversy. Parties shall only object to the Court's findings of uncontroverted facts after thoroughly examining all documents, pleadings and their statements during the ISC and determining that a controversy of fact still exists. If a party wishes to object to the Court's findings of uncontroverted facts, he or she shall specifically support its contention that factual controversy exists by pointing out the documents that reflect controversy. The parties are on notice of the Orders of the Court as of the date of the Conference, however, and will not be excused from following an Order of the Court on grounds that they received a copy of the ISC Order after the date at issue has passed.

B. Each party must file, **at least five (5) working days prior to the Initial Scheduling Conference**, a memorandum which (i) discusses the party's factual and legal contentions, (ii) sets

AO 72A
(Rev.8/82)

CIVIL NO. 98-1751 (JP)                7

forth proposed uncontested facts, (iii) lists the party's witnesses (fact and expert) and summarizes the nature of each witness' expected testimony, (iv) lists the party's documentary evidence and summarizes the contents of such evidence, and (v) itemizes all the discovery (including interrogatories, requests for admissions, requests for production, and depositions) which the party wishes to conduct. The memoranda may also include any other matter(s) deemed appropriate. The parties must exchange copies of their ISC memos, and courtesy copies of the ISC memos must be delivered to the Judge's chambers **at least five (5) working days prior to the Initial Scheduling Conference**. Failure to do so will result in sanctions in the amount of $200.00 per day for every day a memorandum is late.

    C.   Unless already filed, answers to the complaint must be filed within ten (10) days of this date. Any such filing will not be deemed a waiver of any previously filed motions.

    D.   Any party wishing to use expert witnesses shall submit a report from each expert witness to opposing counsel and to the Court. Such report shall be signed by the expert and shall contain the expert's findings, the relation of cause and effect, and if dealing with a medical condition, a statement as to the diagnosis and prognosis. The Court expects that at least plaintiff's

CIVIL NO. 98-1751 (JP)                8

attorney shall have these reports ready by the Initial Scheduling Conference. Each report shall also include:

1) A complete statement of all opinions to be expressed by the expert and the basis for those opinions.

2) The data or other information considered by the expert to form her opinions.

3) Exhibits to be used to summarize or support the opinions.

4) A curriculum vitae and an explanation of the expert's qualifications.

5) A list of all cases in which the expert testified at trial or by deposition in the last four years.

6) Disclosure by the expert of her business practice; whether the expert is a practicing physician, a scientist conducting research, or otherwise engaged. In general, is she a practicing professional in one particular area or is she engaged exclusively as an expert; if engaged as an expert, what percentage of her professional time is she so engaged.

CIVIL NO. 98-1751 (JP)                9

The Court further advises the attorneys that the information the expert is to give cannot be sketchy or vague. If the report of the expert is not as described herein, the expert's testimony will not be permitted on direct examination.

E.  All counsel should anticipate a trial date within ninety (90) days of this date. Once a trial has been set with the concurrence of counsel, no continuances will be granted. A trial will not be continued solely because counsel have agreed to recommend a settlement. A trial date will be passed only if a settlement has been firmly bound.

F.  All counsel are admonished to expedite discovery. Interrogatories must be limited to no more than <u>30 questions</u>. The Court reiterates that the parties should be prepared to answer all interrogatories at the ISC and address any objections to the questions or answers provided.

G.  The Court firmly believes in the interplay of Rules 7, 11, 16, and 26 of the Federal Rules of Civil Procedure, which require increased lawyer responsibility coupled with a mandate to the Court to increase the level of judicial management and control of litigation. All documents filed in this case will be read as if they contain a warranty as to quality and content. Fed. R. Civ. P. 11. All filings must be prepared to the best of the lawyers'

CIVIL NO. 98-1751 (JP)              10

knowledge, information and belief, formed after reasonable inquiry. Sanctions will be imposed for the filings not well grounded in fact. Such sanctions may include dismissal of the Complaint.

**SO ORDERED.**

In San Juan, Puerto Rico, this 14th day of September, 1999.

---

JAIME PIERAS, JR.
UNITED STATES DISTRICT JUDGE

BY ORDER OF THE COURT:

---

FRANCES RIOS DE MORAN
CLERK

By: _____
        Deputy Clerk

AO 72A
(Rev 8/82)