IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| YOFI, INC., et al., | \* |
| Plaintiffs | \* |
| vs. | \* CIVIL NO. 98-1751 (JP) |
| NORMAN S. PANISH, et al. | \* |
| Defendants | \* |

**OPINION AND ORDER**

### I. INTRODUCTION

Before the Court is Defendants Norman S. Panish, Merle Panish, and the Panish Family Trust's Motion to Dismiss, Transfer or Abate (**docket No. 20**); Plaintiffs Yofi, Inc. and Sender Shub's Oppositions and supplemental opposition (docket No.'s 23, 37, and 49); and Defendants' Reply.[1] Defendants move the Court to dismiss the above-captioned case alleging that the Court lacks personal jurisdiction over them or, in the alternative, that the Court should dismiss the instant case under the "first to file" rule.

### II. BACKGROUND

Plaintiffs Yofi, Inc. ("Yofi") and its President Sender Shub ("Shub") filed the Complaint in the above-captioned case on June 26,

---

[1] Defendant moved the Court to consider its tendered reply pursuant to Local Rule 311.7 (docket No. 39). The Court grants that motion.



CIVIL NO. 98-1751(JP)                    2

1998. In the Complaint, Plaintiffs allege that Defendants Norman and Merle Panish and the Panish Family Trust (collectively, "the Panishes") breached an agreement entered into with Plaintiffs by failing to deliver some shares in Den-Caribbean L.L.C. ("Den-Caribbean") to them and by improperly retaining $250,000.00 advanced by Plaintiffs. According to the Complaint, Yofi is a corporation organized and existing under the laws of Puerto Rico, and doing business therein. Defendants Norman and Merle Panish, are husband and wife and residents of the state of California. Co-Defendant the Panish Family Trust operates under the laws of California.

Since November 26, 1997, the Panishes have been involved in litigation as Defendants in California State Court against Amram Yahalom. Yahalom alleged in the California action that, according to an agreement entered with the Panishes, he was entitled to receive the first sums received by them from the sale of any of their interests in Den-Caribbean. Yahalom added that he was entitled to receive $250,000.00 that the Panishes had received from Yofi. On April 24, 1998, the Panishes filed a cross-complaint in the California proceeding against Yofi alleging that it had breached the agreement into which they had entered. During the pendency of both claims, Yofi and Shub filed a motion in this Court to serve the Panishes by publication.

CIVIL NO. 98-1751(JP)                    3

## III. DISCUSSION

### A. Service of Process

Defendants argue that service of process in the instant action should be quashed for being deficient and not complying with the Puerto Rico Rules of Civil Procedure. In particular, Defendants aver that the Court should not have granted Plaintiffs' motion requesting service by publication (docket No. 4) because such motion did not have attached to it a sworn declaration attesting to the efforts to obtain personal service of Defendants. Conversely, Plaintiffs support their position that service was appropriate by citing in their brief at bar to numerous efforts made in their attempt to serve Defendants personally.

Plaintiffs in the instant case attempted to serve Defendants by way of publication. Rule 4(e)(1) of the Federal Rules of Civil Procedure states that service upon an individual within a judicial district of the United States may be effected "pursuant to the law of the state in which the district court is located." Fed. R. Civ. P. 4(e)(1). Rule 4.5(a) of the Puerto Rico Rules of Civil Procedure governs service by publication and states in relevant part that "[t]he Court shall issue an order providing for summons by publication when the person to be served is outside of Puerto Rico

CIVIL NO. 98-1751(JP)                4

. . . and it is proved to the satisfaction of the court through an affidavit stating the steps taken." P.R. Laws Ann. tit. 32, App. III, R. 4.5(a).

In 1993, the Puerto Rico Supreme Court handed down two decisions interpreting Rule 4.5 and addressing the way in which a party must describe to the court the steps taken to serve the defendant personally. See Lanzó Llanos v. Banco de la Vivienda de Puerto Rico, 133 P.R. Dec. 507 (1993); Reyes v. Oriental Federal Savings Bank, 133 P.R. Dec. 15 (1993). Both decisions clearly articulate the principle that an order allowing service by publication can only be issued *after* the Court has become convinced that personal service was attempted on the defendant *and* that a sworn statement attests to that fact. See Lanzó Llanos, 133 P.R. Dec. at 513 (citing Mundo v. Fúster, 87 P.R. Dec. 363, 371-72 (1963)); Reyes, 133 P.R. Dec. at 23 ("*para que un tribunal dicte válidamente una orden que permita un emplazamiento mediante edicto, tiene que haberse intentado efectuar previamente un emplazamiento personal, y después haberse sometido -- y lógicamente tener el juez ante sí -- una declaración jurada con la expresión de las diligencias efectuadas.*"[2]) (emphasis added). The

---

[2] "In order for a court to issue an order allowing service by publication, there must have been a previous effort to obtain personal service, and the filing -- which logically must come before the judge -- of a sworn statement setting

CIVIL NO. 98-1751(JP)                    5

Lanzó Llanos Court added that the person who attempted process, be it a marshal or a process server, must present an affidavit detailing the fruitless steps taken in trying to serve the defendant personally. See Lanzó Llanos, 133 P.R. Dec. at 513. Only after this showing is made can the court allow service by publication. The Reyes Court went a step further, stating that failure to present such sworn statement or certification does not simply constitute an error in form, but rather an error of substance. See Reyes 133 P.R. Dec. at 27. Not presenting such affidavit voids service to the extent that service cannot be cured by the subsequent filing of the required affidavit. See id. at 26-27 ("Sería absurdo interpretar que la omisión en presentar la declaración jurada o su suficiencia *previa* para nutrir el discernimiento y la consciencia judicial, pueda a posteriori ser suplida o enmendada;[] *se trata de un vicio grave y fatal.*"[3]).

Although they made reference in their Motion for Service by Publication (docket No. 4) to having made numerous attempts to serve

---

forth the efforts to obtain such service." (translation ours)

[3] "It would be absurd to interpret that the failure to previously file a sworn statement or its equivalent with the court could be amended or supplemented *a posteriori*; [] we are dealing with a grave and fatal defect." (translation ours)

CIVIL NO. 98-1751(JP)                      6

Defendants personally, Plaintiffs failed to accompany their motion with a sworn statement supporting that proposition. Even if not attaching the affidavit was the product of oversight, the Puerto Rico Supreme Court stressed that the rules of service must be followed strictly because they seek to ensure that defendants are guaranteed the right to be heard. See <u>Chase Manhattan Bank v. Polanco Martínez</u>, 131 P.R. Dec. 530 (1992); <u>Rodríguez v. Nasrallah</u>, 119 P.R. Dec. 93 (1986). In view that the Plaintiffs did not file the affidavit with their motion requesting service by publication, the Court hereby **QUASHES** their service of Defendants.

Although service has been quashed, the Court finds that it must go a step further and dismiss the above-captioned case under the "first to file rule." Under this rule, when there are two pending cases which involve the same transactions and parties, the first court in which jurisdiction attaches has priority to consider the case, unless there are compelling circumstances which warrant that both cases are kept. See <u>Commercial Union Insurance Companies v. Torbaty</u>, 955 F. Supp. 1162, 1163 (E.D. Mo. 1997) (citing <u>Merill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu</u>, 675 F.2d 1169, 1174 (11th Cir. 1982) and <u>Northwest Airlines, Inc. v. American Airlines, Inc.</u>, 989 F.2d 1002, 1005 (8th Cir. 1993)). The "first to file rule" is applied to best serve the interests of justice and to avoid

CIVIL NO. 98-1751(JP)                7

duplicative litigation and the wasting of judicial resources. See id. (citing Northwest Airlines, Inc., 989 F.2d at 1005). The burden of showing the existence of compelling circumstances rests on the party seeking to proceed with the second action. See First City National Bank & Trust Co. v. Simmons, 878 F.2d 76, 79 (2d Cir. 1981). Although the "first to file rule" is typically applied when an action is pending in two federal courts, the rule is applied "with equal force when an action is filed in federal court and state court." Commercial Union Insurance Companies v. Torbaty, 955 F. Supp. 1162, 1163 & n.1 (E.D. Mo. 1997).

In the instant case, Plaintiffs have not made a showing which would justify not dismissing this case in the interests of comity and efficiency. The California case and the instant case involve the same contract and the same parties. Although there is no indication that Yofi and Shub filed a counterclaim against Panish in the California claim for breach, such counterclaim would be compulsory as it would address the agreement in question. Failure to file the counterclaim in California to try that issue here would result in an undue splitting of the litigation. See Pumpelly v. Cook, 106 F.R.D. 238 (D.D.C. 1985). Furthermore, discovery is already underway in the California action. See Columbia Pictures Industries, Inc. v. Schneider, 435 F. Supp. 742 (S.D.N.Y), aff'd, 573 F.2d 1288 (2d Cir.

CIVIL NO. 98-1751(JP)                          8

1978). In view of the above, the Court hereby dismisses the above captioned case without prejudice.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 23rd day of March, 2000.

*[signature]*

JAIME PIERAS, JR.
SENIOR U.S. DISTRICT JUDGE

AO 72A
(Rev.8/82)